IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARGARET D. FOX, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 2:03-0082 |
| | ) JUDGE NIXON |
| v. | ) Magistrate Judge Knowles |
| JO ANNE BARNHART, | ) |
| Commissioner of Social Security | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Administrative Record. (Doc. No. 4.) The Court has received the Magistrate Judge's comprehensive Report and Recommendation ("Report") in the above-styled matter, recommending that the Court deny Plaintiff's Motion for Judgment on the Administrative Record and affirm the decision of the Commissioner. (Doc. No. 11.) Plaintiff has filed objections to the Report (Doc. No. 12), to which the Defendant has not responded.

This Court has reviewed the Report and herein adopts the background and facts as stated by the Magistrate Judge. This Court may not try a case de novo, resolving conflicts in evidence and deciding questions of credibility. Shelman v. Heckler, 831 F.2d 316, 320-21 (6th Cir. 1987). Rather, Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Thus, the Court's review is limited to "a determination of whether substantial

evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

In her objections, Plaintiff argues that the ALJ did not afford sufficient weight to the testimony of Dr. Dycus, Plaintiff's treating physician, and therefore violated the treating source regulations.[1] The hearing decision transcript reveals that the ALJ thoroughly reviewed the testimony and evidence of Dr. Dycus. According to the treating source regulations, more weight

---

[1] With regard to the evaluation of medical evidence, the Code of Federal Regulations states:
Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
  (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
  (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence in your case record,* we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(I) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. . . .
  (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. . . .
  (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
  (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

20 C.F.R. § 416.927(d) (emphasis added). *See also* 20 C.F.R. § 404.1527(d).

2

is given to the opinion of a specialist in matters involving his or her specialty than to the opinion of a source who is not a specialist. 20 C.F.R. § 416.927(d)(5). In his decision, the ALJ explained that while Dr. Dycus is Plaintiff's treating physician, he is not a mental health professional. Since Mr. Hardison is a senior psychological examiner, his assessment is given more weight. Furthermore, Dr. Dycus testified that Plaintiff's restrictions of activities of daily living were "slight," her difficulties in maintaining social function were "moderate," and that she "seldom" had difficulties of concentration, persistence, or pace. When asked whether Plaintiff's episodes of decompensation were a major problem for her, Dr. Dycus testified only that they "certainly could be." Finally, the ALJ explained that the claimant made statements to Dr. Rohr that were inconsistent with the statements she made in her other evaluations and, thus, the ALJ accorded Dr. Rohr's assessment little weight. It is clear from the record that the ALJ thoroughly reviewed Dr. Dycus' testimony and assigned his evidence the appropriate weight according to the treating source regulations.

Plaintiff also argues that she meets the two-part test in <u>Duncan</u> because she suffers from the underlying medical condition of degenerative disc disease. The <u>Duncan</u> test requires "evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." <u>Duncan v. Sec'y of Health and Human Servs.</u>, 801 F.2d 847, 853 (6th Cir. 1986). While Plaintiff has submitted evidence of an underlying medical condition, she has not submitted objective medical evidence confirming her alleged severe pain or that her condition is of such severity that the alleged pain is expected. Moreover, none of Plaintiff's doctors have

3

described her physical pain or degenerative disc disease as reaching the required level of severity. Accordingly, the Court finds that Plaintiff does not qualify under the Duncan test.

This Court has reviewed de novo those portions of the record to which the Plaintiff objects. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Consequently, the Court agrees with the Magistrate Judge's finding that the Plaintiff's objections to the ALJ's decision are without merit. The Court OVERRULES Plaintiff's objections, and ADOPTS the Magistrate Judge's Report in its entirety.

Accordingly, Plaintiff's Motion for Judgment on the Administrative Record is DENIED and the decision of the Commissioner is AFFIRMED. This action is hereby DISMISSED.

It is so ORDERED.

Entered this the ___11th___ day of ___September___, 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT